⌐ ORIGINAL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

RECEIVED
MAY 0 6 2009
PRO SE OFFICE

........................................................X

Mary Lee Ward

                    Plaintiff,                          **COMPLAINT**

        – against –

Bankers Trust Company of California, N.A.
Shammeem A. Chowdhury Agent,
Bruce Goldstein, Esq. Referee, and          **Jury Trial Demanded**
William J. Gary, Esq, *ANDREW FISHER.*
                    Defendants,

........................................................X

                                        MAUSKOPF, J.

                                        BLOOM, M.J.

I.    Parties:

      Plaintiff  Mary Lee Ward          , resides at 320 Tompkins Ave., Brooklyn, NY  11216      .

      Defendant  Bankers Trust Company , resides at    Unknown                                  .

      Defendant  Shammeem A. Chowdhury, resides at 1163 Fulton Street 2, Brooklyn, NY  11216   .

      Defendant  Bruce Goldstein, Esq.   , resides at 26 Court Street, Rm 908, Brooklyn, NY  11242.

      Defendant  William J. Gary, Esq.   , resides at    Unknown                                 .

      Defendant  Andrew Fisher.

II.   The jurisdiction of the Court is invoked pursuant to [28 U.S.C.§1332(a)(2)]                .

III.  Statement of Claim.  [U.S.C. § 1332(a)(2)] or a foreign country [28 U.S.C. § 1332(a)(4)]
      Corporations.  [28 U.S.C. § 1391(c)].

      The Defendants represented a fraudulent action before the N.Y.S. Supreme Court for a debt
      that in all essence violates the truth  and lending acting, along with co-defendant of straw
      buying and defrauding an 79 year old senior citizen of her home in violation of DR 5-101(a),
      DR-1 102(A)(7).

IV.   Remedy.

The return of title of 320 Tompkins Avenue block 1814 lot 32 to Ms. Mary Lee Ward, owner and not Attorney at Law / Referee / Counsel and Partner of Straw Buyer, Bruce Goldstein, Esq. the sum in amount of $50,000,000.00 and damages for fraud, and False Prosecution of Attorney at Law Andrew Fisher in the amount of $125,000,000.00, and in the interest of Justice Prosecution to the Criminal Laws violated in addition to the Constitutional violations.

Summary Judgment in the amount of 6 million dollars, vacate the fraudulent sale of my home and the current deed which has Bruce Goldstein as owner.

May 6, 2009

Date

_Mary Lee Ward_

Sign Your Name

(718) 636-0902

Telephone Number

# BRIEF

I.   People v. Schwartzman, 1969 24 N.Y. 2d 241, 299 N.YS. 2d 817, 247 N.E. 2d 642. Knowing use of false evidence by Prosecutor, or allowing false evidence to remain uncorrected, denies due process. Attorney at law William J. Garry, Esq. Notice of Motion on behalf of his client Bankers Trust Company of California, N.A. whom plaintiff does not own a mortgage on said property, as published in the Daily News on Sunday, March 3, 2002.

II.  Article 65 § 6501 (43):
An action to recover reasonable value of attorney plaintiffs services in real estate negotiations was not an action to "recover a judgment affecting title to, or the possession, use, or enjoyment of real property" within meaning of C.P.A. § 120 permitting the filling the notice of pendency of action in such cases and plaintiff was not entitled to file such a notice. Ryan v. LaRosa, 1960, 22 Misc. 2d 125, 202 N.Y.S. 2d 802.

III. Attorney at Law Bruce Goldstein Affirmation of Service of Index Number 90903/08 Statement of Affirmation – I, Bruce Goldstein, an attorney duly admitted to the practice of law in the State of New York hereby affirms under the penalty perjury: "I am not a party to the action and am over 18 years of age and my office is located at 26 Court Street, Suite 908, Brooklyn, New York 11242" yet it is this person who's name is owner of title after a fraud before state court.

IV.  The Defendants represented a fraudulent action before the N.Y.S. Supreme Court for a debt that in all essence violates the truth and lending acting, along with co-defendant of straw buying and defrauding an 79 year old senior citizen of her home and along with these actions where his professional judgment was affected by his own financial, property and personal interests, in violation of DR 5-101(a), DR-1 102(A)(7).

V.   Attorney's services, actions for An action of attorneys for reasonable value of services in representing parties in realty negotiations is not an action to recover a judgment affecting realty, and the attorneys are not entitled to file a notice of pendency. Snitow v. State, 1964, 43 Misc. 2d 596, 251 N.Y.S. 2d 702.

Attorneys could not maintain a claim against the State for damages on theory the State paid an award in an appropriation proceeding without notice to attorneys who had filed a lis pendens in view of fact lis pendens was invalid in that it was filed by attorneys in an action to recover value of services rendered in connection with the realty, an action to recover a stated amount of money, and not one to recover a judgment affecting realty. Id.

VI.  Article 1 Law 11

The Constitution guarantee of equal protection is intended to keep governmental decision makers from treating differently persons who are in all relevant aspects alike. Great Atlantic and Pacific Tea Co., Inc. v. Town of East Hampton, 1998, 997 F. Supp. 340. Constitutional law 211 (1). The prohibition of this section against deprivation of equal deprivation of equal protection was designed to prevent any person or class from being singled out as a special subject of hostile or discriminatory legislation. People v. Villani, 1979, 100 Misc. 2d 192, 418 N.Y.S. 2d 974. Constitutional Law 211 (1).

Exhibit No. 1

Case 1:09-cv-01042-RRM-LB    Document 1    Filed 05/06/09    Page 5 of 41 PageID # 5



| | | | | Name of First Party | Name of Second Party | Defendant |
|---|---|---|---|---|---|---|
| X | 2000 | 00419 | X | C | 768 DEAN INC. | MARY LEE WARD | |
| X | 2000 | 00420 | X | C | 768 DEAN INC. | MARY LEE WARD | |
| X | 2000 | 00421 | X | C | 768 DEAN INC. | MARY LEE WARD | |

Record 3/3    <OSC> <DBG>

Exhibit No. 2

As IAS Part 16 of the Supreme Court
of the State of New York,
County of Kings, held at the
Courthouse located at 360 Adams
Street, Brooklyn, New York,
on the        day of February, 2009.

P R E S E N T:

HON. LEON RUCHELSMAN

-------------------------------------------------------------------------X

BANKERS TRUST COMPANY OF CALIFORNIA, N.A.,
C/O DELTA FUNDING CORPORATION SERVICING
       AGENT,

                                    Plaintiffs,

                    -against-

MARY LEE WARD, BROOKLYN UNION GAS
COMPANY, MCDUFFEY & RIDDICK
CONTRACTORS, INC., NEW YORK CITY
PARKING VIOLATIONS BUREAU, NEW YORK
CITY ENVIRONMENTAL CONTROL BOARD,

                            Defendants.
-------------------------------------------------------------------------X

Index No. 28683/96

**ORDER
CONFIRMING
REFEREE'S
REPORT OF SALE**

The Plaintiffs having moved this Court for an order confirming the Referee's

report of sale and for such other and further relief by way of Notice of Motion dated

December 18, 2008.

NOW, upon reading and filing the Notice of Motion dated December 18, 2008,

the Affidavit of William J. Garry, Esq., sworn to the 18th day of December, 2008, in

support thereof, together with all exhibits annexed thereto, and upon the report of sale of

Bruce Goldstein, Esq., Referee dated the 30th day of July, 2008 and filed in the Kings

County Clerk's Office on the 20th day of August, 2008, by which report it appears that

after paying the amounts directed in and by the judgment of foreclosure and sale from the proceeds of sale there remained a surplus in the sum of $52,783.90, and upon the receipt of the Kings County Clerk's Office dated August 20, 2008, showing that said surplus monies have been paid into Court to the credit of this action by the Referee, and upon proof that due notice of the filing of the Referee's report of sale and the motion dated December 18, 2008, has been given to the respective parties entitled thereto, and that no exceptions to said report of sale have been filed, and that more than three (3) months, but not more than four (4) months have elapsed since the filing of said Referee's report, and no one appearing in opposition thereto and after due deliberation having been held thereon,

NOW, upon the motion of William J. Garry, Esq. attorney for the Plaintiffs, it is

ORDERED that the report of sale of Bruce Goldstein, Esq., Referee be and the same hereby is in all respects ratified and confirmed, and that the sale therein mentioned be absolute and binding forever.

Enter,

_____
Leon Ruchelsman, J.S.C.

JASPAN SCHLESINGER LLP
LAW OFFICES OF

**Index No.** 28683/96

SUPREME **COURT OF THE STATE OF NEW YORK**
**COUNTY OF** KINGS

BANKERS TRUST COMPANY OF CALIFORNIA, N.A.,
C/O DELTA FUNDING CORPORATION SERVICING
AGENT,

**Plaintiff,**

- against -

MARY LEE WARD, BROOKLYN UNION GAS
COMPANY, MCDUFFEY & RIDDICK
CONTRACTORS, INC., NEW YORK CITY
PARKING VIOLATIONS BUREAU, NEW YORK
CITY ENVIRONMENTAL CONTROL BOARD,

**Defendant.**

**ORDER**

**JASPAN SCHLESINGER LLP**
*Attorneys for Plaintiffs*
300 Garden City Plaza
Garden City, New York 11530-3324
(516) 746-8000

*To:*

*Attorney(s) for*

*Service of a copy of the within*                    *is hereby admitted.*

*Dated:*              ...............................................
                                    *Attorney(s) for*

## *PLEASE TAKE NOTICE*

|            | *that the within is a (certified) true copy of a* |
|------------|---------------------------------------------------|
| **Notice of** | *entered in the office of the clerk of the within named Court on*          *200_* |
| **Entry** |  |
| **X** | *that an Order of which the within is a true copy will be presented for settlement to the Honorable* |
| **Notice of** | Leon Ruchelsman          *, one of the judges of the within named Court,* |
| **Settlement** | *at 360 Adams Street, Brooklyn, New York, 11201* |
|  | *on February 5,    2009, at9:30  a m.* |

*Dated:* January 23, 2009

EXhibit No. 3

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2008092200144001001E916E

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 4 |
|---|---|---|
| Document ID: 2008092200144001 | Document Date: 07-30-2008 | Preparation Date: 09-22-2008 |

Document Type: DEED
Document Page Count: 3

| PRESENTER: | RETURN TO: |
|---|---|
| CHASE ABSTRACT, LLC | SHAMEEM A. CHOWDHURY |
| 1411 PRESIDENT STREET, SUITE 2 | 1168 FULTON STREET, 2 |
| BROOKLYN, NY 11213 | BROOKLYN, NY 11216 |
| 718-484-0631 | |
| CHA-06300463K - *NIMA PICK-UP* | |

### PROPERTY DATA

| Borough | Block | Lot | | Unit | Address |
|---|---|---|---|---|---|
| BROOKLYN | 1814 | 32 | Entire Lot | | 320 TOMPKINS AVENUE |

Property Type: DWELLING ONLY - 3 FAMILY

### CROSS REFERENCE DATA

CRFN_____ *or* Document ID_____ *or* _____ Year____ Reel ___ Page ____ *or* File Number_____

### PARTIES

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| BRUCE GOLDSTEIN ESQ. AS REFEREE | 768 DEAN INC. |
| 26 COURT STREET | 1168 FULTON STREET |
| BROOKLYN, NY 11241 | BROOKLYN, NY 11216 |

### FEES AND TAXES

| Mortgage | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ 75.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | | $ 3,450.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | | $ 1,380.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording Fee: | $ | 52.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**
Recorded/Filed          09-25-2008 16:36
City Register File No.(CRFN):
               2008000381769

*City Register Official Signature*

P 1697-Referee's Deed in Foreclosure
Based on Statutory Form F

JULIUS BLUMBERG, INC., LAW BLANK PUBLISHING

RESERVE THIS SPACE FOR
USE OF RECORDING OFFICE

THIS IS A LEGAL INSTRUMENT AND SHOULD BE EXECUTED UNDER SUPERVISION OF AN ATTORNEY

**THIS DEED**, made the 30th day of July, 2008
**BETWEEN**, Bruce Goldstein, Esq., doing business at: 26 Court St. Brooklyn referee NY 11241

duly appointed in the action hereinafter mentioned, grantor and

768 DEANING .. doing business at: 1168 Fulton St. Brooklyn NY 11216 grantee
~~Shameem A. Chowdhury~~

**WITNESSETH**, that the grantor, the referee appointed in an action known as
Bankers Trust Company of California, N.A. c/o Delta Funding Corporation Servicing Agent

**Plaintiff and**

-against-

Mary Lee Ward, Brooklyn Union Gas Company, McDuffey & Riddick, Contractors, Inc., New York City
Environmental Control Board

**Defendants,**

foreclosing a Mortgage recorded on September 6, 1995 in the Office of the City Register of the County of Kings in Reel 3574 of Mortgages, at Page 810 in pursuance of a judgment of foreclosure and sale dated February 22, 2008 and entered on March 26, 2008 in the Office of the Clerk of the Supreme Court, County of Kings, and in consideration of Three Hundred Forty Five Thousand and 00/100 ($345,000.00)Dollars paid by the grantee, being the highest sum bid at the sale under said judgment does hereby grant and convey unto the grantee,

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the westerly side of Tompkins Avenue, distant 25 feet southerly from the southwesterly corner of Gates Avenue and Tompkins Avenue;

RUNNING THENCE westerly parallel with Gates Avenue, 80 feet;

THENCE southerly parallel with Tompkins Avenue, 20 feet;

THENCE easterly again parallel with Gates Avenue and part of the distance through a party wall, 80 feet to the westerly side of Tompkins Avenue;

THENCE northerly along the westerly side of Tompkins Avenue, 20 feet to the point or place of beginning.
Premises Being known As 320 Tompkins Avenue Bklyn, NY 81814 Lot 32
TOGETHER with all right, title and interest of the Defendants, in and to the land lying in the streets and roads in front of and adjoining said premises.

**TO HAVE AND TO HOLD** the premises herein granted unto the grantee

and assigns forever,
Whenever the text hereof requires, the singular number as used herein shall include the plural and all genders.
**IN WITNESS WHEREOF**, the grantor has hereunto set his hand and seal, the date above written.

*In presence of:*

_____L.S.
Bruce Goldstein, Esq., Referee

**STATE OF NEW YORK, COUNTY OF KINGS** ss.:

On the          day of July, 2008 before me came Bruce Goldstein, Esq., Referee to me known and known to me to be the individual described in, and who executed, the foregoing instrument, and acknowledged to me that he executed the same.

_____
Notary Public

REFEREE'S
DEED

Bruce Goldstein, Esq., Referee

TO

Shameem A. Chowdhury 768 DEAN INC.

Dated: July 30, 2008

STATE OF NEW YORK

COUNTY OF KINGS SS.

RECORDED ON THE

day of _____, 20_____
at................o'clock ...................., M.
in Liber........................... of Deeds
at Page ........................ and examined

.................................................................
CLERK

PLEASE RECORD AND RETURN TO:

Shameem A. Chowdhury
168 Fulton Street, 2
Brooklyn, New York 11216

ACKNOWLEDGEMENT

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF KINGS      )

On the **30th** day of **July 2008**, before me, the undersigned, a Notary Public in and for the State of New York, personally appeared **Bruce Goldstein, Esq** . personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument, and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

Robert D. Grogan
Notary Public, State of New York
No. 01GR6034533
Qualified in Nassau County
Commission Expires Jan 3, 20__

**SEAL**

Exhibit No. 4

**BRUCE GOLDSTEIN, ESQ.**
**26 COURT STREET, SUITE 908**
**BROOKLYN, NEW YORK 11242**
**(718) 852-1800**

March 19, 2009

Att: Motion Clerk
The Supreme Court of the State of New York
Appellate Term: Second Department
141 Livingston Street
Brooklyn, New York 11201

**RE: L&T Index No. 90902/08  768 Dean Inc. vs. Ward**
　　　**L&T Index No. 90903/08  768 Dean Inc. vs. Ward**
　　　**L&T Index No. 90904/08  768 Dean Inc. vs. Ward**

Dear Sir/Madam:

I am hereby requesting that the Order to Show Causes in the above referenced matters originally returnable March 12, 2009 be adjourned to March 27, 2009 in order to give me the opportunity to serve opposition papers timely.

Additionally, please note that the Petitioner-Appellee consents that the stays shall remain in effect during the adjournment period.

Thank you in advance for your consideration.

Very truly yours,

Bruce Goldstein

Received
Fri - 3-20-09

Exhibit No. 5

KING - CASE INQUIRY

CMD: AP018
028683/1996  2002-008189T  RESTORED       SUPREME COURT
BANKERS TRUST OF CALIFORNIA   VERSUS    WARD,MARY LEE
ACTION:    FORECLOSURE                PI: (X) PD: ( )   IAS DTE: 05/24/2005
IAS CTGY: FORECLOSURE              JUSTICE: L. RUCHELSMAN, NJTRP
DISCOVERY: DUE WITHIN 15 MONTHS      RJI TYPE: MOTION
TI(001) AT(002) CA(000) CO(006) NOTE OF ISSUE: 05/13/2002 NON-JURY    NO S/P

LAST - 05/23/2005                    NJTRP       NON-JURY TRIAL READINESS PART

        STRIAL
        COMMENT1:   JFS-GSON              COMMENT2:

020 - 03/21/2005                    NJTRP       NON-JURY TRIAL READINESS PART
                                    NJTRP       NON-JURY TRIAL READINESS PART
        STRIAL                      ADJ         ADJOURNED
        COMMENT1:                      COMMENT2:

019 - 01/04/2005                    NJTRP       NON-JURY TRIAL READINESS PART
                                    NJTRP       NON-JURY TRIAL READINESS PART
        STRIAL                      ADJ         ADJOURNED
        COMMENT1:                      COMMENT2

*Wed sept. 7-05*

*11th fl*

*Mark Kagan*

*347-296-1522* → *360
Adams St.
Brooklyn NY
11201
rm 1139E*

*Call Motion Support
347-296-1694*

*As of nov. I have no knowledge about what
transpired on 5/23/05. Mark Kagan. Law Secretary to
Judge Ruchelsman*

Exhibit No. 6

*Exhibit ③*

## Peter T. Roach and Associates, P.C.
### Attorneys at Law
*100 Jericho Quadrangle, Suite 215*
*Jericho, New York 11753*

*Telephone (516) 938-3100*
*Facsimile (516) 931-4403*

*Peter T. Roach*

*Jonathan I. Ullmann*
*Anna J. Ervolina*
*Denis T. McGee*

*Of Counsel*

*Janeann Nolan Ainbinder*
*Richard Scholnick\**
*\*Admitted in Connecticut*

## TELECOPIER TRANSMITTAL SHEET

### DATE: January 12, 2000

**TRANSMISSION FROM:**  Ronda Saunders

**DELIVER TO:**  Annalise Cottone, Esq., Referee

**FAX #:**  (718) 998-0740

**REFERENCE:**  BANKERS TRUST COMPANY OF CALIFORNIA, N.A.,
C/O DELTA FUNDING CORPORATION, SERVICING AGENT
vs.
MARY LEE WARD, et al.

**SALE DATE:**  January 27, 2000

**TOTAL PAGES INCLUDING COVER PAGE:** 1

**COMMENTS:**  Please be advised that the foreclosure sale scheduled for January 27, 2000 has been cancelled.

## IF ALL PAGES ARE NOT RECEIVED, CALL (516) 938-3100.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone.

Thank you.

Exhibit No. 7

**U. S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
WASHINGTON, D.C. 20410-0001

November 8, 2000

THE SECRETARY

Ms. Mary Lee Ward
320 Tompkins Avenue
Brooklyn, NY 12216

Dear Ms. Ward:

Thank you for participating in the press conference to announce HUD grants in housing counseling to New York City agencies charged with helping victims of predatory lending. I appreciate your willingness to step forward and share your personal circumstances regarding the impact of sub-prime practices.

Predatory lending practices have taken advantage of homeowners for too long. New laws are needed to combat predatory lenders, many of whom offer sub-prime loans.

Thanks to courageous community residents like you, predatory lenders will be brought to justice and more homeowners will be better-informed in the future before they sign a loan agreement.

Sincerely,

Andrew Cuomo

Exhibit No. 8

# SUPREME COURT OF THE STATE OF NEW YORK
## APPELLATE DIVISION : SECOND JUDICIAL DEPARTMENT

8127B
Y/hu

_____ AD2d _____

LAWRENCE J. BRACKEN, P.J.
CORNELIUS J. O'BRIEN
DAVID S. RITTER
FRED T. SANTUCCI
LEO F. McGINITY, JJ.

---

1999-10839

In the Matter of Jeffrey E. Tomei,
an attorney and counselor-at-law.

OPINION & ORDER

Grievance Committee for the Second
and Eleventh Judicial Districts, petitioner;
Jeffrey E. Tomei, respondent.

---

Disciplinary proceeding instituted by the Grievance Committee for the Second and Eleventh Judicial Districts. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 1, 1988. By decision and order of this court dated January 11, 2000, the respondent's motion to vacate his automatic suspension from the practice of law based upon his plea of guilty to the serious crime of conspiracy to make a false statement on a loan application, in violation of 18 USC § 1014, was granted pursuant to Judiciary Law § 90(4)(f). By decision and order dated February 1, 2001, this court, on its own motion, authorized the Grievance Committee to institute and prosecute a disciplinary proceeding against the respondent, after he was sentenced on November 16, 2000 to pay a fine of $5,000, and the issues raised were referred to the Honorable Luigi R. Marano, as Special Referee to hear and report.

Diana Maxfield Kearse, Brooklyn, N.Y. (Mark F. DeWan of counsel), for petitioner.

Flamhaft, Levy, Kamins & Hirsch, Brooklyn, N.Y. (Barry Kamins of counsel), for respondent.

PER CURIAM.                          The Grievance Committee served the respondent with a petition containing one charge of professional misconduct. The Special

December 17, 2001

Page 1.

MATTER OF TOMEI, JEFFREY E.

Referee sustained the charge after a hearing. The Grievance Committee moves to confirm the Special Referee's report and to impose discipline upon the respondent. The respondent has submitted an affirmation in response to the Grievance Committee's motion to confirm, asking the court to consider enumerated mitigating factors in determining an appropriate measure of discipline.

Charge One alleges that the respondent is guilty of professional misconduct in that he has been convicted of a serious crime, in violation of Code of Professional Responsibility DR 1-102(a)(3), (4), and (7) (22 NYCRR 1200.3[a][3],[4] and [7]).

On or about October 26, 1999, the respondent was convicted of conspiracy to make a false statement in a loan application, in violation of 18 USC § 1014, upon his plea of guilty in the United States District Court for the Southern District of New York. The respondent was sentenced on November 16, 2000, to pay a fine of $5,000, which he has since paid.

Based on the respondent's admissions and the evidence adduced, the Special Referee properly sustained the charge. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent also asks the court to consider his expressions of remorse and humiliation, his candor with the Grievance Committee, his previously unblemished record, and his cooperation with the government. The latter two factors were emphasized by the sentencing Judge in limiting the sentence imposed to a $5,000 fine as well as a $100 special assessment. The sentence did not include a term of incarceration or probation.

Notwithstanding the favorable character evidence submitted on the respondent's behalf and the leniency afforded him by the Federal court, the fact remains that the respondent has been convicted of a serious crime. By his own admission, the respondent needed to obtain a business loan for which his professional corporation lacked adequate funds. To remedy this, the respondent knowingly allowed an individual to alter the documents necessary to qualify for that loan. As a result of these alterations, Citibank approved a loan for Jeffrey Tomei, PC, of $200,000.

Under the particular circumstances of this case, the respondent is suspended from the practice of law for one year.


BRACKEN, P.J., O'BRIEN, RITTER, SANTUCCI and McGINITY, JJ., concur.

ORDERED that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

December 17, 2001                                                                                     Page 2.

MATTER OF TOMEI, JEFFREY E.

ORDERED that the respondent Jeffrey E. Tomei, is suspended from the practice of law for a period of one year, commencing January 17, 2002, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the one-year period upon furnishing satisfactory proof that (a) during that period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this court, the respondent, Jeffrey E. Tomei, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.

ENTER:

SUPREME COURT, STATE OF NEW YORK
APPELLATE DIVISION SECOND DEPT
I, JAMES EDWARD PELZER, Clerk of the Appellate Division of the Supreme Court. Second Judicial Department, do hereby certify that I have compared this copy with the original filed in my office on _12/17/01_ and that this copy is a correct transcription of said original.
IN WITNESS WHEREOF I, have hereunto set my hand and affixed the seal of this Court on _2/6/02_

James Edward Pelzer
Clerk

December 17, 2001

MATTER OF TOMEI, JEFFREY E.

Page 3.

Exhibit No. 9

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------

768 DEAN INC

                 Plaintiff( s),

        - against

Mary Lee Ward

JOHN DOE & JANE DOE

                Defendant(s)

                                         INDEX NO. **90902/08,
90903/08, 90904/08**

                                         NOTICE OF APPEAL

                                      Hon.JUDGE, LAURIEL LAU
                                      (Name of assigned Justice)

PLEASE TAKE NOTICE that the defendant, Mary Lee Ward, sovereign, sui juris, Pro Per defendant, hereby appeal to the Appellate Division, Second Department, of the New York Supreme Court in and for the Second Department, from a judgment entered in this case in the office of the Clerk of Kings County on 2/19/09 which judgment is a void judgment and a nullity by law, for lack of subject matter jurisdiction and personal jurisdiction, a violation of Due Process, (Special Appearance demand, jurisdictional procedure/denied), violation of Judicial Procedure Rules, Federal Rules of Civil Procedure, U.S. Constitution and N.Y. State constitution.

   This judgment's effect is a violation of the defendant's constitutional protected rights of Judicial Due Process, right to a fair trial, right to a trial by jury, right of protection against unlawful seizure, an violation of constitutional guaranteed rights against unlawful loss of property, a violation of protection against judicial sovereignty, judicial usurpation of jurisdictions, protection against a violation of the instant defendant's rights, guaranteed by the constitution, to defend her life, liberty, and property.
**and this appeal is taken from the entire judgment**

/x / each and every part of that document as well as from the whole thereof.

Dated: _February 27_ 2009          With Explicit Reservation of All God Given Rights


JOSEPHINE M. DISMORE
Notary Public, State of New York
No. 24-4971903
Qualified in Kings County
Commission Expires Sept. 10, 20 _10_

Swore to before me on _Feb. 27, 2009_

Notary public

*Mary Lee Ward*
Mary Lee Ward

Sovereign
Propria Persona defendant
Sui Juris and NOT Pro-Se
320 Tompkins Ave., Brooklyn
New York, New York (DMM 122.32)
Without Prejudice U.C.C. 1-308

To:

Hon. Wilbur Levin
County Clerk, Kings County

Bruce Goldstein, Esq.
{Attorney for 768 DEAN INC)
Attorney for Plaintiff (Shameem A. Chowdhury)


26 Court Street, Suite 908

Brooklyn, NY 11242

(718) 852-1800

(Address and phone)

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS       PART
DECISION AND JUDGMENT

INDEX # 090904/2008
JUDGMENT SEQ # 001

768 DEAN INC.,

Petitioner(s)

**AGAINST**
MARY LEE WARD,
DOE, JOHN
DOE, JANE

Respondent(s)

**Decision and judgment is** rendered based upon
a decision made after trial as follows:
Judgment of possession is granted in favor of:
768 DEAN INC.,
and against
MARY LEE WARD,
DOE, JOHN
DOE, JANE
A counterclaim is granted in favor of the respondent in the amount of     $0.00
(which if not being entered separately is offset and reflected in the
total amount due, listed below.)

A money judgment is hereby granted, along with cost and disbursements
in the amount of     $0.00 in favor of:
768 DEAN INC.,
and against
MARY LEE WARD,
DOE, JOHN
DOE, JANE

for a total amount of     $0.00

(Monthly use and occupancy is set at     $0.00 per month, as per order,
stipulation or decision in record.)

Warrant to issue after 03/01/2009                    Execution

Date 2·19·09                                LAURIE L. LAU
                                Judge, Civil/Housing Court

Section 5020(c) of the Civil Practice Law and Rules requires that a satisfaction be filed with the
clerk when the judgment is satisfied.  Failure to do so subjects the judgment creditor to penalties.
CIV-LT-50(2006)
                                                                    Page 1 of 2

(5)

**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF KINGS        PART**
**DECISION AND JUDGMENT**

INDEX # 090904/2008
JUDGMENT SEQ # 001

=======================================================================

### ENTRY OF JUDGMENT

Judgment entered in accordance with the above on __2·19·09__

Chief Clerk, Civil Court

Warrant issued to Marshal _____ On _____

CIV-LT-50(2006)

Page 2 of 2

EXhibit No. 10



SUPREME  COURT OF THE STATE OF NEW YORK
APPELLATE TERM: SECOND DEPARTMENT
--------------------------------------------------------------------X
768 DEAN INC.

                          **Petitioner - Appellee,**        **Index No. 90903/08**

              -against-

                                                    **AFFIRMATION IN OPPOSITION**

MARY LEE WARD,

                          **Respondent -Appellant,**

"JOHN DOE" & "JANE DOE",

                          **Respondents -Appellants,**
--------------------------------------------------------------------X

    BRUCE GOLDSTEIN, ESQ., an attorney duly admitted to practice law in the State of New

York, affirms under the penalty of perjury as follows:

    1.    I am the attorney for the Petitioner-Appellee and as such am fully familiar with the

facts and circumstances herein.

    2. I make this affirmation in opposition to Respondent-Appellant's Order to Show Cause for

a stay pending a determination of her appeal.

    3. This is a post foreclosure holdover commenced after the foreclosure sale of the property

to the Petitioner-Appellee.

    4.    The foreclosure sale was held pursuant to Supreme Court Index No. 28683/96.

Accordingly, it appears that the foreclosure proceeding which was commenced approximately

**thirteen years ago** was pursuant to a loan made before the current sub-prime debacle.

    5. This holdover proceeding first appear on the Court's calendar on September 25, 2008 and

was thereafter adjourned a few times until finally being set down for trial on February 19, 2009.

6. On February 19, 2009 the matter was sent out to a trial part before the Honorable Judge Laurie L. Lau. A trial was conducted and the court granted the Petitioner-Appellee a final judgement of possession with a warrant to issue ten days after service of a copy of the judgement with Notice of Entry upon the Respondent-Appellant.

7. One of the Respondent-Appellant's arguments for appeal is her mistaken belief that your affiant concurrently wore two hats at the same time.

8. However, your affiant was first appointed referee regarding the foreclosure sale which took place on July 30, 2008 and subsequently the Petitioner-Appellee then employed me to commence the within holdover proceeding.

9. The Respondent-Appellant presents no legally meritorious question for appeal. The Petitioner-Appellee is currently the legal owner of the premises, met its prima facie burden at trial and is entitled to possession of the premises. Respondent-Appellant's appeal lacks merit and is brought solely for the purpose of delaying the Petitioner-Appellee's lawful right to the premises.

**WHEREFORE,** Petitioner-Appellee respectfully requests that this Court deny the Respondent-Appellant's motion in its entirety together with such other and further relief as this Court deems just and proper.

Dated:   Brooklyn, New York
       March 11, 2009

_____
BRUCE GOLDSTEIN

## ATTORNEY CERTIFICATION

I, BRUCE GOLDSTEIN, hereby certify under the penalty of perjury, and as an officer of the Court, that to the best of my knowledge and information and belief formed after an inquiry reasonable under the circumstances, the presentation of these papers and/or contentions therein are not frivolous as defined in subsection (c) of Section 130-1.1 of the Rules of Chief Administrator.

Dated: March 11, 2009

BRUCE GOLDSTEIN

## AFFIRMATION OF SERVICE

STATE OF NEW YORK    }
                                   } ss.:
COUNTY OF KINGS      }

I, BRUCE GOLDSTEIN, an attorney duly admitted to the practice of law in the Courts of the State of New York hereby affirms the following under the penalty of perjury:

I am not a party to the action and am over 18 years of age and my office is located at 26 Court Street, Suite 908, Brooklyn, New York 11242.

On March 19, 2009 I served the within LETTER and AFFIRMATION IN OPPOSITION

By depositing a true copy of the papers enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name ;

TO:            **MARY LEE WARD**
ADDRESS:    **320 Tomkins Avenue**
                    **Third Floor Apartment**
                    **Brooklyn, New York 11216**

BRUCE GOLDSTEIN

EXhibit No.11

Case 1:09-cv-01943-RRM-LB    Document 1    Filed 05/06/09    Page 38 of 41 PageID #: 38

Civil Court of the City of New York
141 Livingston Street
Brooklyn, NY 11201

Register #: B3 Transaction No.:    839786

Index Number: 90903 KLT 2008
    768 DEAN INC. vs. MARY LEE WARD/DOE

FEE: $30.00 Paid         February 27, 2009
            Cash

Notice Of Appeal


        PNA  02-27-09 LK  15:01
KEEP THIS RECEIPT WITH YOUR COURT PAPERS


Civil Court of the City of New York
141 Livingston Street
Brooklyn, NY 11201

Register #: B3 Transaction No.:    839785

Index Number: 90902 KLT 2008
    768 DEAN INC. vs. MARY LEE WARD/DOE

FEE: $30.00 Paid         February 27, 2009
            Cash

Notice Of Appeal


        PNA  02-27-09 LK  15:00
KEEP THIS RECEIPT WITH YOUR COURT PAPERS


Civil Court of the City of New York
141 Livingston Street
Brooklyn, NY 11201

Register #: B3 Transaction No.:    839787

Index Number: 90904 KLT 2008
    768 DEAN INC. vs. MARY LEE WARD/DOE

FEE: $30.00 Paid         February 27, 2009
            Cash

Notice Of Appeal


        PNA  02-27-09 LK  15:03
KEEP THIS RECEIPT WITH YOUR COURT PAPERS

Exhibit No. 12

 **infoplease**
All the knowledge you need.

⬛Print Now!

this page was printed from Infoplease.com
http://www.infoplease.com/ipa/A0194062.html

History and Government—U.S. Documents

# The Emancipation Proclamation

## January 1, 1863

By the president of the United States of America:

A Proclamation.

Whereas on the 22d day of September, A.D. 1862, a proclamation was issued by the president of the United States, containing, among other things, the following, to wit:

"That on the 1st day of January, A.D. 1863, all persons held as slaves within any State or designated part of a State the people whereof shall then be in rebellion against the United States shall be then, thenceforward, and forever free; and the executive government of the United States, including the military and naval authority thereof, will recognize and maintain the freedom of such persons and will do not act or acts to repress such persons, or any of them, in any efforts they may make for their actual freedom."

"That the executive will on the 1st day of January aforesaid, by proclamation, designate the States and parts of States, if any, in which the people thereof, respectively, shall then be in rebellion against the United States; and the fact that any State or the people thereof shall on that day be in good faith represented in the Congress of the United States by members chosen thereto at elections wherein a majority of the qualified voters of such States shall have participated shall, in the absence of strong countervailing testimony, be deemed conclusive evidence that such State and the people thereof are not then in rebellion against the United States."

Now, therefore, I, Abraham Lincoln, president of the United States, by virtue of the power in me vested as Commander-in-Chief of the Army and Navy of the United States in time of actual armed rebellion against the authority and government of the United States, and as a fit and necessary war measure for suppressing said rebellion, do, on this 1st day of January, A.D. 1863, and in accordance with my purpose so to do, publicly proclaimed for the full period of one hundred days from the first day above mentioned, order and designate as the States and parts of States wherein the people thereof, respectively, are this day in rebellion against the United States the following, to wit:

Arkansas, Texas, Louisiana (except the parishes of St. Bernard, Plaquemines, Jefferson, St. John, St. Charles, St. James, Ascension, Assumption, Terrebonne, Lafourche, St. Mary, St. Martin, and Orleans, including the city of New Orleans), Mississippi, Alabama, Florida, Georgia, South Carolina, North Carolina, and Virginia (except the forty-eight counties designated as West Virginia, and also the counties of Berkeley, Accomac, Northhampton, Elizabeth City, York, Princess Anne, and Norfolk, including the cities of Norfolk and Portsmouth), and which excepted parts are for the present left precisely as if this proclamation were not issued.

And by virtue of the power and for the purpose aforesaid, I do order and declare that all persons held as slaves within said designated States and parts of States are, and henceforward shall be, free; and that the Executive Government of the United States, including the military and naval authorities thereof, will recognize and maintain the freedom of said persons.

And I hereby enjoin upon the people so declared to be free to abstain from all violence, unless in necessary self-defense; and I recommend to them that, in all cases when allowed, they labor faithfully for reasonable wages.

And I further declare and make known that such persons of suitable condition will be received into the armed

The Emancipation Proclamation                                                                          Page 2 of

service of the United States to garrison forts, positions, stations, and other places, and to man vessels of all sort in said service.

And upon this act, sincerely believed to be an act of justice, warranted by the Constitution upon military necessity, I invoke the considerate judgment of mankind and the gracious favor of Almighty God.

Information Please® Database, © 2005 Pearson Education, Inc. All rights reserved.



The Monroe Doctrine



U.S. Documents



The Pledge of Allegiance to the Flag

### More on *The Emancipation Proclamation* from Infoplease:

- Emancipation Proclamation - Emancipation Proclamation, in U.S. history, the executive order abolishing slavery in the ...
- Emancipation Proclamation: Bibliography - Bibliography See J. H. Franklin, The Emancipation Proclamation (1963); E. Foner, Nothing But ...
- Emancipation Proclamation: The Proclamation - The Proclamation On Jan. 1, 1863, the formal and definite Emancipation Proclamation was issued. The ...
- Emancipation Proclamation: Purpose of the Proclamation - Purpose of the Proclamation The proclamation d not reflect Lincoln's desired solution for the ...
- Emancipation Proclamation: Desire for Such a Proclamation - Desire for Such a Proclamation In the early part of the Civil War, President Lincoln refrained from ...

---

© 2000-2005 Pearson Education, publishing as Infoplease