FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 01 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARY LEE WARD,

        Plaintiff,

    - against -

SHAMMEEM A. CHOWDHURY, BRUCE
GOLDSTEIN, and WILLIAM J. GARY,

        Defendants.
-----------------------------------------------------------------X

ORDER
09-CV-1943(RRM) (LB)

MAUSKOPF, United States District Judge.

On March 25, 2010, Magistrate Judge Bloom issued a Report and Recommendation (the "R&R") recommending that Plaintiff's *pro se* complaint against Defendant Shammeem A. Chowdhury ("Chowdhury") be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. On April 19, 2010, Plaintiff filed a response to the R&R. For the reasons set forth below, the R&R is adopted and Plaintiff's complaint against Chowdhury is dismissed without prejudice.

Plaintiff's objections state that she attempted to serve Chowdhury "through his two lawyers" by United States mail. (Docket No. 35 ¶ 3.) However, after the initial summons was returned unexecuted by the United States Marshals Service ("USMS") (see Docket No. 24.), Judge Bloom directed Plaintiff, who is proceeding *in forma pauperis*, (see Docket No. 3), to provide the Court with an address for Chowdhury to allow the United States Marshals Service ("USMS") to properly serve him with a copy of the summons and complaint. (*See* Docket No. 19.) Thereafter, Plaintiff submitted an address purportedly for Chowdhury and, on November 4, 2009, Judge Bloom ordered the USMS to serve the summons and complaint on Chowdhury at the address provided by Plaintiff. (*See* Docket No. 27.) In her Order, Judge Bloom cautioned Plaintiff that, in the event that the USMS was unable to affect service on Chowdhury at the

address she provided to the Court, it would be recommended that Plaintiff's action against Chowdhury be dismissed. (*Id.*) On February 8, 2010, the summons as to Chowdhury was, once again, returned unexecuted by the USMS. (*See* Docket No. 30.) Plaintiff's objections do not address why she failed to provide a proper address for Chowdhury in accordance with Judge Bloom's Orders or explain why the recommendation that the Complaint against Chowdhury be dismissed pursuant to Rule 4(m) is legally erroneous. Instead, Plaintiff simply contends that "[t]here is no excuse for [Chowdhury] to hide and his lawyers [ . . . ] knows [sic] where he is." (Docket No. 35 ¶ 3.)

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has conducted *de novo* review of the R&R, the underlying pleadings and procedural record upon which it is based, as well as Plaintiff's objections to the R&R. For the forgoing reasons, Plaintiff's objections are overruled and the Court adopts the R&R in its entirety. Accordingly, it is hereby ORDERED that the complaint is DISMISSED without prejudice as to Defendant Shammeem A. Chowdhury.

SO ORDERED.

Dated: Brooklyn, New York
May 28, 2010

ROSLYNN R. MAUSKOPF
United States District Judge

2