UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARY LEE WARD,

        Plaintiff,

   - against -

BANKERS TRUST COMPANY OF
CALIFORNIA, N.A., SHAMMEEM A.
CHOWDHURY, BRUCE GOLDSTEIN,
WILLIAM J. GARRY, and ANDREW FISHER

        Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
09-CV-1943 (RRM)(LB)

**ROSLYNN R. MAUSKOPF, United States District Judge.**

On May 6, 2009, Plaintiff *pro se* Mary Lee Ward filed this civil action for monetary damages and injunctive relief against Defendants Bankers Trust Company of California ("Bankers Trust"), Shammeem A. Chowdhury, Bruce Goldstein, William J. Garry, and Andrew Fisher. Plaintiff claims that the Defendants defrauded her in connection with a home mortgage loan, a New York state-court action to foreclose the mortgage and sell the property, and a subsequent summary eviction proceeding.[1] This Court has dismissed Plaintiff's claims with respect to all Defendants except Goldstein and Garry for failure timely to serve under Federal Rule of Civil Procedure 4(m). (*See* Order Adopting Report and Recommendations, Doc. No. 29 (dismissing as to Bankers Trust and Fisher); Order Adopting Report and Recommendations, Doc. No. 42) (dismissing as to Chowdhury).)

Presently before the Court are Goldstein's and Garry's motions to dismiss under Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court GRANTS Defendants' motions in their entirety. Although Plaintiff has couched her claim, in

---

[1] The Court cannot entertain Ward's request that Defendants be prosecuted (Compl. p. 3) because it lacks the authority to prosecute criminal conduct.

part, in terms of "various civil and constitutional rights violations, [it] essentially amounts to an [appeal of] the disposition of the [state-court] foreclosure action.' " *Swiatkowski v. Citibank*, No. 10-CV-114 (JFB), 2010 WL 3951212, at *11 (E.D.N.Y. Oct. 7, 2010) (quoting *Swiatkowski v. New York*, 160 Fed. App'x. 30, 32 (2d Cir. 2005)); *see Bankers Trust Co. of Cal. v. Ward*, 28683/1996 (Sup. Ct. Kings County Feb. 10, 2009); (Compl. 1–3, Doc. No. 1).[2] Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction over what are, in effect, appeals taken from state courts. The sole federal avenue of appeal for a disappointed state-court litigant is to petition for review by the United States Supreme Court. *See Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 87 (2d Cir. 2005).

## BACKGROUND

The following facts are taken from Plaintiff's Complaint, and are assumed to be true for purposes of deciding Defendants' motions to dismiss. *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). The Court also takes judicial notice of state court and other filings, as matters of public record. *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998); *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992). In 1995, Ward gave a mortgage on property located at 320 Tompkins Avenue, Brooklyn, New York (the "property"), to Bankers Trust, or its predecessor in interest. The mortgage was recorded on September 6, 1995. *See Bankers Trust Co. of Cal.v. Ward*, 703 N.Y.S.2d 504, 505 (App. Div. 2d Dep't 2000); Compl. Ex. 3, at 11–12 (deed reciting mortgage). In 1996, Bankers Trust, or its predecessor in interest, commenced foreclosure proceedings in New York Supreme Court, Kings County. (Judgment of Foreclosure and Sale at 1, *Bankers Trust Co. of Cal. v. Ward*, No. 28683/1996 (N.Y. Sup. Ct. Feb. 22, 2008); Def. Garry Mot. to Dismiss Ex. E, at 3, Doc. No. 43-

---

[2] The pages of the Complaint and other filings are not numbered. The Court uses the page numbers automatically assigned by ECF in referring to these filings.

6.) Fisher and Defendant Garry represented Bankers Trust in connection with the foreclosure proceedings. (Judgment of Foreclosure and Sale, *supra*, at 1; Def. Garry Mot. to Dismiss Ex. E, at 3.) In November of 1998, Bankers Trust won an order granting summary judgment for foreclosure. *Bankers Trust*, 703 N.Y.S.2d at 504. In 2000, the Appellate Division reversed, citing issues of fact involving the propriety of the original loan transaction and "whether [Ward] was effectively advised of her rescissionary rights under the Federal Truth in Lending Act." *Id.* at 505. The foreclosure sale was cancelled. (*See* Compl. Ex. 6, at 20.) The case was restored to the calendar, and motion practice resumed.

After remand, Ward failed to appear and defaulted in June 2002. The state court struck Ward's answer, dismissed her counterclaim and third-party claims, and referred the foreclosure action to a referee, Gregory Poulos, for an inquest into the value of conflicting claims to the property. (*See* Judgment of Foreclosure and Sale, *supra*, at 2; Def. Garry Mot. to Dismiss Ex. E, at 4; Decision and Order at 1, *Bankers Trust Co. of Cal. v. Ward*, No. 28683/1996 (N.Y. Sup. Ct. July 2, 2008); Def. Garry Mot. to Dismiss Ex. H, at 1, Doc. No. 43-9.) Ward made various unsuccessful motions to vacate the default in 2002, 2004, 2006 and 2008. (*See* Decision and Order, *supra*, at 1–2, 5; Def. Garry Mot. to Dismiss Ex. H, at 1–2, 5.) In February 2008, Kings County Supreme Court Judge Ruchelsman ratified Referee Poulos' report, and rendered a "Judgment of Foreclosure and Sale" in favor of Bankers Trust. (Judgment of Foreclosure and Sale, *supra*, at 1; Def. Garry Mot. to Dismiss Ex. E, at 3.) Judge Ruchelsman appointed Goldstein as referee to conduct the subsequent foreclosure sale. (Judgment of Foreclosure and Sale, *supra*, at 3; Def. Garry Mot. to Dismiss Ex. E, at 5.) In June of 2008, Referee Goldstein sold the property at a foreclosure auction to 768 Dean, Inc. ("Dean"), a corporation owned by Chowdhury, for $345,000. (*See* Order Confirming Referee's Report of Sale at 2, *Bankers Trust*

3

*Co. of Cal. v. Ward*, No. 28683/1996 (N.Y. Sup. Ct. Feb. 10, 2009); Def. Garry Mot. to Dismiss Ex. J, at 2, Doc. No. 43-11.) Delivery of the deed was stayed, however, pending resolution of Ward's motion to set aside the sale. (*See* Decision and Order, *supra*, at 2; Def. Garry Mot. to Dismiss Ex. H, at 2.) On July 2, 2008, Ward's motion was denied, Goldstein was authorized to deliver the deed, and Bankers Trust was authorized to "effectuate the conclusion of the foreclosure sale." (Decision and Order, *supra*, at 5; Def. Garry Mot. to Dismiss Ex. H, at 5.) On July 30, 2008, Goldstein delivered the deed to Chowdhury as Dean's owner. (Compl. Ex. 3, at 11–12.) On February 10, 2009, Supreme Court ratified Goldstein's sale to Dean. (Order Confirming Referee's Report of Sale, *supra*, at 2; Def. Garry Mot. to Dismiss Ex. J, at 2.) According to her Complaint, Ward has filed an appeal of the July 2, 2008 Supreme Court order denying her motion to set aside the foreclosure sale. (See Order on Application at 1, *Bankers Trust Co. of Cal. v. Ward*, No. 2009-11368, 2010 NY Slip Op. 72124(U) (App. Div. May 21, 2010) (granting extension of time to August 2, 2010 to perfect appeal).)

Following the foreclosure sale, Dean instituted a summary eviction proceeding against Ward in Kings County Housing Court. (*See* Compl. Ex 9 (Decision and Judgment, 768 Dean Inc. v. Ward, No. 090904/2008 (N.Y. Civ. Ct. Feb. 19, 2009).) Dean retained Goldstein to prosecute the action. (Compl. Exs. 9, 10). On February 19, 2009, Housing Court Judge Lau rendered a judgment of possession in favor of Dean, and ordered an eviction warrant to issue after March 1, 2009. (Compl. Ex 9.) Ward moved in the Appellate Division to stay execution of the warrant pending appeal of the July 2, 2008 Supreme Court order. (Decision & Order on Motion, *Bankers Trust Co. of Cal. v. Ward*, No. 2009-11368, 2010 NY Slip Op. 62805(U), App. Div. Feb. 8, 2010.) That motion was denied. *Id.* According to her Complaint, Ward has appealed the Housing Court order as well. (*See* Compl. Ex. 9, at 28–29.)

Here, Plaintiff alleges that the mortgage loan was fraudulent and violated the Truth in Lending Act, and that the foreclosure proceeding amounted to a fraud on the state court because Garry and Fisher signed court documents for Bankers Trust. (Compl. 1, 2; Pl.'s Aff. in Opp'n 6, Doc. No. 48.) Plaintiff alleges also that Garry forged Plaintiff's name on a court document. (Pl.'s Aff. in Opp'n 6) Plaintiff contends that Goldstein's execution of the foreclosure sale and transfer of title to Dean amounted to fraudulent "straw buying," and that Goldstein's representation of Dean in the Housing Court action was a conflict of interests. (Compl. 2.) Plaintiff claims that Defendants violated various criminal laws, including laws against perjury and obstruction of justice. (Compl. 3; Pl.'s Aff. in Opp'n 6.) As a result of these allegations, Plaintiff argues, the state court's ratification of the sale amounted to a deprivation of various constitutional and civil rights. (Compl. Ex. 9 at 28; Pl.'s Aff. in Opp'n 6–7.) In addition to monetary compensation, Plaintiff requests that the court "vacate the fraudulent sale of [her] home," and an order directing "[t]he return of title of 3209 Tompkins Avenue . . . to [her]." (Compl. 3.) Plaintiff also asks for "[p]rosecution to the [c]riminal [l]aws violated in addition to the [c]onstitutional violations." (Compl. 3.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." The standard of review under a Rule 12(c) motion is the same standard applied under a Rule 12(b)(6) motion. *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010). A motion to dismiss for failure to state a claim requires the court to examine the legal, rather than factual, sufficiency of a complaint. As required by Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To withstand a motion to

dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A court considering a motion to dismiss must "take[] factual allegations [in the complaint] to be true and draw[] all reasonable inferences in the plaintiff's favor." *Harris*, 572 F.3d at 71 (2d Cir. 2009) (citation omitted). A complaint need not contain " 'detailed factual allegations,' " but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, the plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The determination of whether "a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157–158 (2d Cir. 2007)).

While *pro se* plaintiffs must satisfy these pleading requirements, federal courts are "obligated to construe a *pro se* complaint liberally." *See Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009) (citations omitted). In other words, trial courts hold *pro* se complaints to a less exacting standard than they apply to complaints drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Boykin*, 521 F.3d at 213–14 (citation omitted). Since *pro se* litigants "are entitled to a liberal construction of their pleadings, [their complaints] should be read to raise the

strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (citation and internal quotation marks omitted). When a *pro se* plaintiff has altogether failed to satisfy a pleading requirement, however, the court should not hesitate to dismiss his claim. *See Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997) (citation omitted); *see also Johnson v. City of N.Y.*, 669 F. Supp. 2d 444, 448 (S.D.N.Y. 2009) ("[T]o survive a motion to dismiss, even a *pro se* plaintiff must plead enough facts to state a claim to relief that is plausible on its face." (citation and internal quotation marks omitted)).

The Court notes that in adjudicating this motion, it is entitled to consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's submissions if plaintiff has knowledge or possession of the material and relied on it in framing the complaint . . . and ([4]) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356–57 (S.D.N.Y. 2003) (internal citations omitted); *see Liberty Mut.*, 969 F.2d at 1388 (2d Cir. 1992) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.") (internal quotation marks omitted); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("[T]he district court . . . could have viewed [documents submitted by defendant] on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim"); *Pani*, 152 F.3d at 75 (2d Cir. 1998) ("[A] district court may rely on matters of public record in deciding a motion to dismiss.").

## DISCUSSION

Defendants Garry and Goldstein move to dismiss Plaintiff's complaint for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. For the reasons set forth below, the Court agrees.

The *Rooker-Feldman* doctrine provides that "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Hoblock*, 422 F.3d at 84; *see Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 296 (1970) ("[L]ower federal courts possess no power whatever to sit in direct review of state-court decisions. The *Rooker-Feldman* doctrine operates to bar subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The Second Circuit has set forth four requirements necessary for *Rooker-Feldman* to apply to bar an action: 1) the federal-court plaintiff must have lost in state court; 2) the plaintiff must be complaining of injuries caused by a state-court judgment; 3) the plaintiff must be inviting district court review and rejection of that judgment; and 4) the state-court judgment must have been rendered before the district court proceedings commenced. *Hoblock*, 422 F.3d at 85. As the Circuit noted, the "first and fourth of these requirements may be loosely termed procedural; the second and third may be termed substantive." *Id*.

"[C]ourts in this Circuit . . . consistently [hold] that any attack on a judgment of foreclosure is clearly barred by the *Rooker-Feldman* doctrine." *Ashby v. Polinsky*, No. 06-CV-6778 (DLI), 2007 WL 608268, at *1 (E.D.N.Y. Feb. 22, 2007) (internal quotation marks

omitted), *aff'd*, 328 Fed. App'x 20 (2d Cir. 2009); *see, e.g.*, *Swiatkowski*, 2010 WL 3951212, at *11. In this case, Ward complains of two "state-court judgment[s]": the "Judgment of Foreclosure and Sale," rendered on February 22, 2008, by the New York Supreme Court, Kings County (Judgment of Foreclosure and Sale, *supra*, at 1; Def. Garry Mot. to Dismiss Ex. E, at 3) and the Housing Court "judgment of possession" in Dean's favor, dated February 19, 2009 (Compl. Ex. 9). As discussed more fully below, each requirement of *Rooker-Feldman* is met as to Plaintiff's claims.

I. **Procedural requirements**

According to *Hoblock*, district courts lack subject matter jurisdiction under *Rooker-Feldman* only if two "procedural" requirements are met. *See Hoblock*, 422 F.3d at 85. First, the federal plaintiff must have lost in state court. *Id.* Second, the state-court judgment must have issued before the district court proceedings commenced. *Id.* The first requirement is clearly met here because Ward ultimately lost the foreclosure and Housing Court eviction proceedings. The second requirement merits some discussion where, as here, the federal plaintiff has a pending state-court appeal.

The courts have split as to whether the *Rooker-Feldman* doctrine applies to bar subject matter jurisdiction where the federal court plaintiff has an appeal pending in state court. *See Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, 701 F. Supp. 2d 340, 346–47 (E.D.N.Y. 2010) (collecting cases). [3] Some courts require exhaustion of state-court appeals, relying on the limited nature of the doctrine and the fact that in *Rooker* and *Feldman,* the federal plaintiffs had exhausted their state-court appeals . *Rooker*, 263 U.S. at 414; *Feldman*, 460 U.S. at 463. *See also Caldwell*, 701 F. Supp. 2d at 346–47 (citing cases). However, this Court concurs with those

---

[3] Although the Second Circuit has not directly addressed this issue, one summary order suggests that *Rooker-Feldman* bars federal review of a foreclosure action even though a state court appeal was still pending. *Swiatkowski v. New York*, 160 Fed. App'x 30 (2d Cir. 2005).

9

courts that do not confine application of the *Rooker-Feldman* doctrine to situations where federal plaintiffs have exhausted their state-court appeals. *See, e.g., Caldwell*, 701 F. Supp. 2d at 346–47 (collecting cases). Adopting, without rehashing here, the legal bases set forth in those cases, this Court echoes its brother court in underscoring the practical reasons for applying the *Rooker-Feldman* bar in the face of a pending state court appeal:

> [R]ooker-Feldman prevents federal courts (other than the Supreme Court) from reviewing and reversing unfavorable state-court judgments. This purpose would be undermined if the doctrine is inapplicable simply because a litigant happens to be seeking state appellate review of a state-court judgment, while also seeking federal district court review of that judgment. Regardless of the status of any state court appeals, the litigant is still seeking federal review of a state-court judgment. This is what Rooker-Feldman prohibits.

*Caldwell*, 701 F. Supp. 2d at 347-48 (citations omitted).

Following the reasoning applied by these courts, it is clear that the second procedural requirement is met here. Ward commenced this federal court action on May 6, 2009 (Compl. 1), over one year after the state-court issued its judgment of foreclosure (Judgment of Foreclosure and Sale, *supra*, at 1; Def. Garry Mot. to Dismiss Ex. E, at 3) and several months after the Housing Court rendered its judgment (Compl. Ex. 9). The pendency of Ward's state court appeals of these judgments does not affect the Court's finding.

II. **Substantive requirements**

The *Rooker-Feldman* doctrine requires dismissal for lack of subject matter jurisdiction where, in addition to the procedural requirements discussed *supra*, the federal plaintiff "complain[s] of injuries caused by [a] state-court judgment [and] . . . invit[es] district court review and rejection of [that] judgment[]." *Hoblock*, 422 F.3d at 85 (second, fifth, and sixth alterations in original) (internal quotation marks omitted).

A plaintiff's injuries are "caused by a state-court judgment" if the state-court judgment "produced" the conduct of which the plaintiff complains. *Id.* at 88. Causation fails if the state

10

court "simply ratified, acquiesced in, or left unpunished" the conduct. For example, if a state-court defendant-employer wins in a state-court Title VII claim, the state-court judgment does not "cause" the employer's conduct. Rather, the state-court judgment merely "ratified, acquiesced in, or left unpunished" the employer's conduct, and the *Rooker-Feldman* doctrine would not bar a subsequent federal suit by the same plaintiff, against the same defendant, alleging the same Title VII claim. *Id.* at 87–88. Thus, causation may be reduced to a timing requirement: The federal plaintiff's alleged injury must precede the state-court judgment. *McKithen v. Brown*, 481 F.3d 89, 98 (2d Cir. 2007).

Here, the injuries of which Ward complains were caused by the state-court judgments. Ward's principal injury here is the divestiture of title to her home, and attendant dispossession. Ward alleges that "a fraudulent action before the N.Y.S. Supreme Court . . .defraud[ed] [her] of her home" and she seeks "vacat[ur] of the fraudulent sale" and restoration of the deed in her name. (Compl. 1, 3.) The Judgment of Foreclosure and Sale ordered "that the mortgaged premises . . . be sold . . . at public auction . . . by and under the direction of Bruce Goldstein." (Judgment of Foreclosure and Sale, *supra*, at 3; Def. Garry Mot. to Dismiss Ex. E, at 5.) Thus, Chowdhury's rights to the property as purchaser at the auction, Goldstein's right to sell the property, and Bankers Trust's rights to the proceeds of the sale, all arise out of the Judgment of Foreclosure and Sale, and subsequent state-court orders. *See* 78 William H. Danne, Jr. et. al., N.Y. Jurisprudence: Mortgages and Deeds of Trust § 765 (2d Ed. 2011) ("The necessary consequence of a decree of foreclosure of mortgaged premises is to merge the interests of the parties to the suit in the decree, and to transfer and vest them in the purchaser at the sale."). The genesis of Ward's alleged injury – sale and dispossession of her home – followed directly from

the state-court judgments of foreclosure and eviction. The state-court judgments did not simply ratify a prior possession and sale. Therefore, the causation requirement is met.

A federal plaintiff seeks "district court review and rejection" of a state-court judgment if the plaintiff " 'has . . . repaired to federal court to undo the [state-court] judgment.' " *Green v. Mattingly*, 585 F.3d 97, 102 (2d Cir. 2009) (quoting *Exxon Mobil*, 544 U.S. at 293); *see Hoblock*, 422 F.3d at 85–86. If relief necessarily would require the district court to "determine that a state-court judgment was erroneously entered or was void" or "fraudulently procured," then plaintiff is seeking "review and rejection." *See Kropelnicki v. Siegel*, 290 F.3d 118, 129 (2d Cir. 2002).

Here, Ward substantively seeks "review and rejection" of the state-court judgments of foreclosure and eviction. Ward alleges that Defendants variously defrauded her, perjured themselves, and acted collusively in procuring the judgment of foreclosure, the sale and the eviction order. (Compl. 1–3; Pl.'s Aff. in Opp'n 6–7.) Ward claims she was not notified properly of the sale, that Goldstein unfairly represented Dean in housing court, and that Garry forged documents in his representation of Bankers Trust. (Pl.'s Aff. in Opp'n 6–7.) For these reasons, Ward contends, the Defendants here are criminally guilty, Ward's constitutional and civil rights were violated, and her rights to the property must be restored. (Compl. 3; Pl.'s Aff. in Opp'n 7.) A ruling here in Ward's favor "would effectively declare the state-court judgment[s of foreclosure and eviction] fraudulently procured and thus void" *Kropelnicki*, 290 F.3d at 129 (2d Cir. 2002). The proximate result of the state-court judgments – transfer of right and title from Ward to a third party – necessarily would be undone. For these reasons, Ward, in substance, is asking this Court to review and reject the state-courts' findings.

## CONCLUSION

For the above reasons, this Court lacks subject matter jurisdiction over Plaintiff's Complaint under the *Rooker-Feldman* doctrine. Therefore, Defendants' motions to dismiss under Federal Rule of Civil Procedure 12(c) are GRANTED and Plaintiff's Complaint is DISMISSED. The Clerk of Court is directed to 1) enter judgment accordingly, 2) mail a copy of this Memorandum and Order to Plaintiff and note such mailing on the docket, and 3) close the case.

SO ORDERED.

Dated: Brooklyn, New York
      March 29, 2011

/S/
_____
ROSLYNN R. MAUSKOPF
United States District Judge